9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge ARMENTA-SEPULVEDA, Defendant-Appellant.
 No. 93-4006.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 
 Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This appeal raises issues arising from an encounter between the defendant and state police officers which resulted in a search of defendant's suitcase and a seizure of a quantity of heroin. The parties are well acquainted with the facts; therefore, we see no need to repeat them, save where necessary to explain our reasoning. Because we see no error in the ruling of the district court, we affirm.
 
 
 2
 The district court determined the interaction between defendant and the officers was a consensual police-citizen encounter authorized by Florida v. Bostick, --- U.S. ----, 111 S.Ct. 2382 (1991). We agree with that assessment and are unpersuaded by defendant's attempts to distinguish the case. See United States v. Zapata, 997 F.2d 751, 756 (10th Cir.1993) (a number of factors are considered in determining whether a police-citizen encounter becomes a seizure, including whether it occurred in an open public place in view of others).
 
 
 3
 Defendant asserts his cultural background told him he had to consent to the officer's request to search and his consent was not voluntary. Cultural difference is not considered in determining whether a seizure has occurred. Id. at 757.
 
 
 4
 Defendant contends the search exceeded the scope of the consent. As noted in Florida v. Jimeno, --- U.S. ----, 111 S.Ct. 1801, 1803-04 (1991) (citations omitted), "[t]he standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?"
 
 
 5
 Here there was a dispute in the testimony. The officers said defendant was asked, "[I]s it okay if we take a look in your bag?" and "[C]an we look in your bag?" Both responded that defendant merely assented. Defendant testified the officers "asked if he could search my bag and I told him that I would show him what I had." The officers' version of the facts indicated there was no limitation to the consent. Although defendant testified to the contrary, it is evident the district court chose to believe the officers. With the evidence in this state, we believe the district court could correctly assume a reasonable person would have understood the exchange as consent to a general search of the bag and its contents.
 
 
 6
 That conclusion is not overcome by the testimony of the officer who said the "rules of the game" were that defendant would take items from the bag and show them to the officer. The "rules of the game" merely established the manner in which the general search would be conducted and not how the search would be limited. Moreover, given defendant's consent to a general search, those "rules" would not imply a limitation of that consent when viewed from the standpoint of a reasonable person.
 
 
 7
 Defendant contends he evidenced a withdrawal of the consent by hesitating when the officer wanted to inspect the pants in which heroin was hidden. Again, the testimony on this point is disputable, and defendant merely relies upon his version of the facts. Officer Palmer testified, "I said can I check the Levi's [sic] and he said yeah and then he pulled them out and then he stopped and then I reached down and felt the Levi's and there was a bulge...."
 
 
 8
 Even if defendant's hesitance was evidence of his intent to withdraw consent, a point we do not rule upon, Officer Palmer's testimony would indicate that defendant produced the pants for the officer's inspection. That testimony would have been sufficient evidence the district court could have relied upon to conclude defendant did not manifest an intent to withdraw his consent.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3